| | | |
|---|---|---|
| V.E. | * | IN THE UNITED STATES DISTRICT COURT FOR |
| | * | THE DISTRICT OF MARYLAND (Northern Division) |
| Plaintiff, | | |
| | * | |
| v. | | |
| | * | |
| UNIVERSITY OF MARYLAND BALTIMORE COUNTY, MARYLAND | | Case No. 22-cv-02338-JRR |
| | * | |
| | * | |
| Defendant. | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY AND TO SEAL AND FOR PROTECTIVE ORDER

Plaintiff, by and through her undersigned attorneys, moves for leave to proceed in this action under the pseudonym "V.E," to seal, and for protective order. As explained more fully below, Plaintiff's privacy and safety concerns are sufficient here to justify allowing her to proceed anonymously, a limited form of closure of this proceeding, particularly here, where Defendant University of Maryland Baltimore County, Maryland ("UMBC") is aware of Plaintiff's actual identity and will not be prejudiced by allowing her to proceed anonymously.

1. Plaintiff's Amended Complaint alleges that while she was a 17-year-old student at UMBC, and was a member of UMBC's Swimming and Diving Team, she was repeatedly sexually assaulted, stalked, intimidated and terrorized by a male member of the Team. The Amended Complaint identifies Plaintiff's assailant only as "J.W." because she is still afraid of him and fears reprisal from him. Per the Amended Complaint, J.W.'s sexual

violence against her was so extreme that she required medical treatment for severe vaginal injuries. Because of Plaintiff's fears of reprisal by J.W., and the sensitive nature of what happened to her at J.W.'s hands and of her injuries, she seeks leave to proceed in all publicly available filings in this case under a pseudonym.

2.     Whether or not to allow a party to proceed under a pseudonym is committed to the sound discretion of this Court. *James v. Jacobson*, 6 F. 3d 233, 238 (4th Cir. 1993). In exercising that discretion, however, the Fourth Circuit has instructed the district courts to consider various factors, as follows:

> As is ordinarily the case where discretion is committed to trial courts, some guidelines for its exercise in the form of factors that should be considered by courts considering anonymity requests have been judicially recognized. They are not many, for the question happily is one that is not too often raised. But some can be gleaned from the relatively few cases—both at trial and appellate levels—that have wrestled with the problem. Among them are the following that have relevance to this case: whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

3.     When those *Jacobson* factors are applied here, they weigh decidedly in favor of Plaintiff's request to be allowed to proceed anonymously. She seeks to preserve privacy in matters in this case that are sensitive and highly personal, particularly for a young woman such as she is. She also has legitimate fears for her safety if she is required to proceed under her own name, given J.W.'s actions against her in the past. Nor is there any risk of unfairness to UMBC in allowing Plaintiff to proceed under a pseudonym. UMBC is aware

of Plaintiff's actual name. Although UMBC is a governmental entity, so that, normally, there is a heightened public interest in open legal proceedings, there is already a copious amount of publicly available information about the hostile environment surrounding the UMBC Swimming and Diving Team, and UMBC's response to it, including the 77- page report commissioned by UMBC from Saul Ewing, published in May 2022.

4.     For all of these reasons, Plaintiff asks that she be permitted to proceed under the pseudonym V.E. in this action, that the parties be required to use that pseudonym in all publicly available filings in this action, and that any document that identifies Plaintiff either directly or indirectly be filed under seal, with redacted copies to be placed in the public files.[1]

WHEREFORE, Plaintiff moves that her motion for leave to proceed anonymously, to seal, and for protective order be granted.

Dated:  December 23, 2022

_____ /s/ Rignal W. Baldwin V _____
Rignal W. Baldwin V
Federal Bar No.: 30136
Baldwin | Seraina, LLC
111 South Calvert Street, Suite 1805
Baltimore, Maryland 21202
Telephone (410) 385-5695
Facsimile (443) 703-7772
rbaldwinv@baldwin-seraina.com

*Attorneys for Plaintiff*

---

[1]     Plaintiff suggests that counsel for the parties should confer to try and reach agreement on the details of such a protective order and that, if they are unable to agree, that matter may then be placed before this Court.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of December, 2022, a copy of the forgoing was e-filed and was also emailed to Ann M. Sheridan, Assistant Attorney General, Office of the Attorney General, 200 Saint Paul Place, 17th Floor, Baltimore, MD 21202, asheridan@oag.state.md.us.

/s/ Rignal W. Baldwin, V

4