**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

V.E.,

        Plaintiff,

        v.                                                                       Civil Action No. JRR-22-2338

UNIVERSITY OF MARYLAND
BALTIMORE COUNTY,
MARYLAND

        Defendant.

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## ORDER

Pending before the court is Plaintiff's unopposed Motion to Proceed Anonymously and to Seal and for Protective Order.  (ECF No. 10; the "Motion.")  For the reasons that follow, Plaintiff's Motion will be granted.

On December 19, 2022, Plaintiff filed an Amended Complaint.  (ECF No. 9; the "Complaint".)  Plaintiff alleges that, among other things, during her time as a member of the University of Maryland Baltimore County ("UMBC") Swimming and Diving Team, she was subjected to a prolonged, repeated, severe and pervasive pattern of sexual assault, relationship violence, sexual intimidation, and sexual harassment by a male member of the team.  *Id.*  Plaintiff has identified the male student as J.W.  *Id.*

Plaintiff seeks an order allowing her to proceed in this action under the pseudonym "V.E." (ECF No. 10.)  Plaintiff avers that there is substantial justification to allow her to proceed anonymously, because of the sensitive nature of the allegations, fear of reprisal by her former assailant, and UMBC will not be prejudiced because it is already aware of Plaintiff's actual identity.   (ECF No. 10.)

Under Fed. R. Civ. P.10(a), a complaint must include a title naming all of the parties.  In

certain exceptional circumstances, the district court may allow a party to proceed pseudonymously.

*Co. Doe v. Pub. Citize*n, 749 F.3d 246, 273-74 (4th Cir. 2014).  Before granting a request to

proceed pseudonymously, the "district court has an independent obligation to ensure that

extraordinary circumstances support such a request by balancing the party's stated interest in

anonymity against the public's interest in openness and any prejudice that anonymity would pose

to the opposing party."  *Id*. at 274.  The United States Court of Appeals for the Fourth Circuit

provides five non-exclusive factors to determine whether to grant a request to proceed

pseudonymously:

> [W]hether the justification asserted by the requesting party is merely to avoid
> the annoyance and criticism that may attend any litigation or is to preserve
> privacy in a matter of sensitive and highly personal nature; whether
> identification poses a risk of retaliatory physical or mental harm to the
> requesting party or even more critically, to innocent non-parties; the ages of the
> persons whose privacy interests are sought to be protected; whether the action
> is against a governmental or private party; and, relatedly, the risk of unfairness
> to the opposing party from allowing an action against it to proceed
> anonymously.

*James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993).  "Not all of these factors may be relevant to a

given case, and there may be others that are." *Doe v. Alger*, 317 F.R.D. 37, 39 (W.D. Va. 2016).

With respect to the first factor, Plaintiff's request for a pseudonym must be for the purpose

of preserving "privacy in a matter of sensitive and highly personal nature" and not "merely to

avoid the annoyance and criticism that may attend any litigation." *James*, 6 F.3d at 238.  Plaintiff's

allegations pertain to her alleged sexual assault by a former classmate and later alleged Title IX

violations at the hands of UMBC officials.  Plaintiff's request to remain anonymous for fear of

reprisal is far more than an attempt to avoid the annoyance and criticism of litigation.  Plaintiff's

alleged history with J.W. includes sexual assault, harassment, and stalking which calls into

question Plaintiff's physical safety and privacy.  The court finds that the described threats to Plaintiff's safety rise above mere "annoyance" or "criticism" inherent in litigation such that the first factor weighs in favor of granting Plaintiff anonymity.  Fourth Circuit cases "frequently have afforded litigant anonymity in Title IX claims concerning sexual assault or rape." *Doe v. Liberty Univ., Inc.*, No. 6:21-cv-00059, 2022 U.S. Dist. LEXIS 178943, at *13 (W.D. Va. Sept. 30, 2022). *See also*, *Doe v. Washington & Lee Univ.*, 439 F. Supp. 3d 784 (W.D. Va. 2020) (allowing the plaintiff to proceed anonymously in a matter concerning Title IX and sexual assault); *Doe v. Washington & Lee Univ.*, No. 6:14-cv-52, 2015 U.S. Dist. LEXIS 102426 (W.D. Va. Aug. 5, 2015) (same); *Doe v. Marymount Univ.*, 297 F. Supp. 3d 573 (E.D. Va. 2018) (same); *Doe v. Morgan State Univ.*, 544 F. Supp. 3d 563, 568-69 & nn. 1-3 (D. Md. 2021) (same).

The second factor considers whether Plaintiff proceeding publicly "poses a risk of retaliatory physical or mental harm." *James*, 6 F.3d at 238.  The fact "[t]hat the plaintiff may suffer some embarrassment or economic harm is not enough" to warrant anonymity.  *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981).  Embarrassment or economic harm is not the crux of Plaintiff's concerns.  Based on the alleged history between Plaintiff and J.W., Plaintiff fears reprisal by her alleged assailant.  Plaintiff alleges J.W. harmed her in the past.  If true, the court accepts that if J.W. were to learn of Plaintiff's allegations in the pending lawsuit, it could antagonize J.W. and place Plaintiff in further danger.  Further, if Plaintiff is constantly looking over her shoulder out of fear that J.W. has discovered the lawsuit, there is no question that she will be subject to mental anguish.  *Alger*, 317 F.R.D. at 40 (allowing Plaintiff to use a pseudonym in a case involving sexual assault allegations because the use of real identities "would likely increase their risk of retaliatory physical or mental harm").  Accordingly, the second *James* factor weighs in favor of permitting Plaintiff to proceed under a pseudonym.

3

The third factor considers "the ages of the persons whose privacy interests are sought to be protected." *James*, 6 F.3d at 238.  Neither Plaintiff nor accused are minors; Plaintiff graduated from UMBC in 2022.  (ECF No. 9 ¶ 4.)  Assuming Plaintiff started college around the age of 18, and graduated four years later, Plaintiff is likely in her early twenties. Accordingly, the third *James* factor weighs neither for nor against permitting Plaintiff to proceed with a pseudonym.

The fourth *James* factor considers whether Plaintiff's action is against a governmental or private party whose reputation may be harmed unfairly if Plaintiff is permitted to proceed anonymously.  Plaintiff names University of Maryland Baltimore County as the sole Defendant. "'When a Plaintiff challenges the government or government activity, courts are more like[ly] to permit Plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing.'" *Alger*, 317 F.R.D. at 41 (quoting *Yacovelli v. Moeser*, No. 1:02-cv-596, 2004 U.S. Dist. LEXIS 9152, at *24-25 (M.D.N.C. May 20, 2014)).  Unlike actions against private parties, "'[a]ctions against the government do no harm to its reputation[.]'" *Id.* (quoting *Doe v. Pittsylvania Cnty., Va.*, No. 4:11-cv-43, 2012 U.S. Dist. LEXIS 13618, at *10-11 (W.D. Va. Feb. 3, 2012). Accordingly, the fourth factor weighs in favor of granting Plaintiff a pseudonym because Plaintiff identifies UMBC, a public university, as a party.  Further, UMBC does not oppose the Motion.

With respect to the fifth *James* factor, the Court examines whether there is a "risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *James*, 6 F.3d at 238.  Defendant has filed no response to this Motion and is aware of Plaintiff's identity.  Allowing Plaintiff to proceed under a pseudonym is not to protect Plaintiff from Defendant, but rather to protect Plaintiff from her alleged former assailant.  Thus, allowing Plaintiff to proceed pseudonymously is not unfair to Defendant, as Defendant knows Plaintiff's identity. *See Alger*, 317 F.R.D. at 41.  The fifth factor weighs in favor of granting the Motion.

Accordingly, it is this 3rd day of April 2023, by the United States District Court for the District of Maryland, hereby **ORDERED** that:

1.      Plaintiff's motion for leave to proceed under pseudonym is, hereby, **GRANTED**;

2.      In all public filings Plaintiff shall be identified only as "V.E.;"

3.      Any document that identifies Plaintiff, by her name, in whole or in part, shall be filed under seal, with redacted copies to be placed in the public file, and

4.      Within twenty (20) days following entry of this order, counsel for the parties shall meet and confer regarding a protective order, and shall file a stipulated protective order, which shall address treatment of confidential documents.  Alternatively, if the parties are unable to agree, each shall submit a proposed protective order to this court for decision.


                                                        _____/s/_____
                                                        Julie R. Rubin
                                                        United States District Judge