IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| V.E., | * | |
| *Plaintiff*, | * | |
| | * | Case No. 1:22-cv-02338-JRR |
| v. | * | |
| UNIVERSITY OF MARYLAND BALTIMORE COUNTY, MARYLAND | * | |
| | * | |
| *Defendant*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Pending before the court is Plaintiff's Motion to Alter or Amend Dismissal with Prejudice, or, Alternatively, for Leave to Amend. (ECF No. 20; "the Motion.") No hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, by accompanying order, the Motion will be denied.

**I.   MOTION TO ALTER/AMEND JUDGMENT**

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment in three situations: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1083 (4th Cir. 1993). Plaintiff argues the court committed clear error in dismissing the Amended Complaint with prejudice as time-barred, and that such an outcome results in manifest injustice. (ECF No. 20-1 at 5.)

As set forth in detail in the court's memorandum opinion at ECF No. 18, at the motion to dismiss stage, the court does not usually "resolve contests surrounding the facts, the merits of a

claim, or the applicability of defenses." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (citation omitted). "[I]n the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (*en banc*). "Because Rule 12(b)(6) 'is intended [only] to test the legal adequacy of the complaint,' '[t]his principle only applies . . . if all facts necessary to the affirmative defense clearly appear[ ] on the face of the complaint.'" *Rich v. Hersl,* 2021 U.S. Dist. LEXIS 118098 *17 (D. Md. Jun. 24, 2021) (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993) and *Goodman*, 494 F.3d at 464) (citations omitted). This court determined that the Amended Complaint set forth all facts necessary for the court to determine whether, and that, Plaintiff's claims are time-barred. (ECF No. 18 at 4.)

In Plaintiff's opposition to the Motion to Dismiss (ECF No. 6), she argued: "it is not apparent from the face of the Amended Complaint when V.E.'s Title IX claims accrued, and she has proffered facts that demonstrate her cause of action is timely." (ECF No. 13 at 1.) In the pending Motion, Plaintiff argues for the first time that her claims are subject to equitable tolling on the grounds that Defendant engaged in fraudulent concealment and based on the continued harm doctrine. (ECF No. 20-1 at 7-11.) "A motion to amend is not a license to present new arguments or legal theories that could have been raised prior to judgment." *Fontell v. Hassett,* 870 F. Supp. 2d 395, 403 (D. Md. 2012) (quoting *Pac. Ins. Co. v. Amer. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).

Even if Plaintiff's newly raised equitable tolling arguments were properly before the court, they would not persuade the court. The court determined that Plaintiff was on "inquiry notice" of her cause of action no later than June 24, 2018; and, therefore, Plaintiff's claims filed in 2022 were

2

time-barred. The court's finding was based on the allegations set forth in the Amended Complaint; the court fully detailed its reasoning at pages 5 through 12 of the Memorandum Opinion at ECF No. 18. The court is not persuaded to revise its analysis or that its conclusions were the product of legal error. Accordingly, the court declines to alter or amend its judgment and the Motion will be denied on this basis.

**II. MOTION TO AMEND COMPLAINT**

Plaintiff argues in the alternative that if the court denies the Motion based on Rule 59(e), Plaintiff should be granted leave to amend her Amended Complaint to include all facts necessary to resolve the statute of limitations barrier. (ECF No. 20-1 at 17.) Defendant counters that Plaintiff has not identified any new allegations that would change the court's analysis regarding the statute of limitations, and, therefore, amendment of the Amended Complaint would be futile. (ECF No. 21 at 4.)

Under Rule 15(a)(2), a plaintiff may amend her complaint with leave of court, which "[t]he court should freely give . . . when justice so requires." FED. R. CIV. P. 15(a)(2). The "The Fourth Circuit has noted that '[t]his liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities.'" *Oliver v. Dep't of Pub. Safety & Corr. Servs.*, 350 F. Supp. 3d 340, 345 (D. Md. 2018) (quoting *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)). "Granting leave to amend, therefore, is the default under Rule 15." *Id.* "In *Laber*, the Fourth Circuit, sitting *en banc*, explained: '[w]e have interpreted Rule 15(a) to provide that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Id.* (quoting *Laber,* 438 F.3d at 426) (internal quotation marks omitted). "Prejudice is the weightiest factor, the absence thereof; 'though not alone determinative, will

3

normally warrant granting leave to amend.'" *Id.* at 346 (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)).

"Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: A district court may deny leave if amending the complaint-would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (citations omitted). An amendment is futile when the proposed amended complaint does not state a claim under FED. R. CIV. P. 12(b)(6).

Here, Plaintiff asserts that the Amended Complaint does not contain "all facts which would be relevant and necessary to resolve the statute of limitations issue." (ECF No. 20-1 at 16.) Specifically, Plaintiff avers that discovery would have revealed facts in support of equitable tolling, but fails to suggest what they might be or how they would effectively revise the court's analysis that Plaintiff was on inquiry notice of her cause of action in June of 2018 based on her own reports of her alleged assailant's conduct. No allegations about Defendant's alleged concealment or deliberate indifference will inure to Plaintiff's benefit in this instance, as Plaintiff's own reporting and complaining, and subsequent alleged inaction of the school which was known to Plaintiff at the time (and about which she pleads in detailed fashion, as to the harm such delay caused her), placed her on notice in June 2018 at the latest. Accordingly, the court finds that any amendment would be futile and unfairly prejudicial to the Defendant. The Motion will be denied as to Plaintiff's request for leave to amend the Amended Complaint.

### III.      CONCLUSION

For the reasons set forth herein, by separate order, Motion is denied.

/s/
Judge Julie R. Rubin
United States District Judge
